UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darian Johnston, #270548 ) | C/A No.  9:09-00435-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | FOR |
| ) | PARTIAL SUMMARY DISMISSAL |
| Officer Sgt. Marie Davis, Wateree Correctional ) | |
| Officer sued in her individual capacity and her ) | |
| official capacity; John Doe (Other Unknown or ) | |
| Unnamed Defendant); South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Darian Johnston (Plaintiff) currently is incarcerated at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections. Proceeding *pro se*, Plaintiff filed this action on February 23, 2009, pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. On April 201 2009, Plaintiff filed an amended complaint adding the South Carolina Department of Corrections as a defendant.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v.*

*Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The South Carolina Department of Corrections is immune from a suit for damages under the Eleventh Amendment of the United States Constitution, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. Further, in enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989); *Quern v. Jordan*, 440 U. S. 332, 343 (1979); *Coffin v. South Carolina Department of Social Services*, 562 F. Supp. 579, 583-85 (D.S.C. 1983).

Although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment also bars suits against a State filed by its own citizens. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court, which the State of South Carolina has not done. *See* South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-20(e) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Therefore, the South Carolina Department of Corrections should be dismissed as a defendant

2

because it is immune from a suit for damages under § 1983.

## Recommendation

Accordingly, it is recommended that the Court dismiss the amended complaint in the above-captioned case as to Defendant South Carolina Department of Corrections *without prejudice* and without issuance and service of process for this defendant. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Bristow Marchant
United States Magistrate Judge

May 19, 2009
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

3



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).