Darian Johnston, #270548,    )
            ) CIVIL ACTION NO. 9:09-0435-TLW-BM
    Plaintiff,    )
            )
v.            )
            ) **REPORT AND RECOMMENDATION**
Officer Sgt. Marie Davis, Wateree Correctional )
Officer sued in her individual capacity and her )
official capacity; John Doe (Other Unknown )
or Unnamed Defendant,    )
            )
    Defendants.    )
_____)

    This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate withe the South Carolina Department of Corrections, alleges violations of his

constitutional rights by the named Defendants.[1] Plaintiff has named a specific correctional officer,

Marie Davis, as a Defendant in this case. However, Plaintiff has also named as a John Doe

Defendant "Other Unknown or Unnamed Defendant". At this point, it is not clear who this other

Defendant might be, and no process has been issued with respect to any such Defendant.

    Counsel for the Defendant Davis has filed a motion to dismiss the John Doe

"Unknown Defendant" as a party Defendant in this case. As the Plaintiff is proceeding pro se, a

Roseboro order was entered by the Court on May 11, 2009, advising Plaintiff of the importance of

a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically

advised that if he failed to adequately respond, the motion may be granted. On May 22, 2009,

Plaintiff filed a memorandum in opposition to a motion to dismiss that had been filed by the South

---

[1]One Defendant, the South Carolina Department of Corrections, has already been dismissed
from the case.  See Order filed July 15, 2009.



Carolina Department of Corrections, but he did not address in this response the motion to dismiss that had been filed on behalf of the "Unknown Defendant".

When a <u>pro se</u> litigant alleges a cause of action which may be meritorious against persons unknown, the District Court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the Court." <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1152-1153 (4th Cir. 1978). However, as the Plaintiff has yet to identify any person other than the Defendant Davis as a party Defendant in this case, the undersigned concludes that it is appropriate to dismiss the "Unknown Defendant" as a party Defendant in this case at this time, without prejudice. This will allow Plaintiff to seek amendment of his pleadings if, as a result of discovery, he is able to identify an additional party to be named as a Defendant in addition to Davis.

### Conclusion

Based on the foregoing, it is recommended that the "Unknown Defendant" John Doe's motion to dismiss be **granted**, and that this party be **dismissed** as a party Defendant at this time, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 21, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. 2Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

